CURRENT OHIO COURT of APPEALS CASES
Weekly Advance Abstract Opinions

No. 230
YURICK v. NOWAKOWSKI
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5292. Decided Oct. 27, 1924.

703.—LANDLORD AND TENANT—Where landlord has not demised premises to tenant, he is held to reserve control of the same. Fact that dwelling is vacant obviously places control in landlord.

SULLIVAN, J.

Epitomized Opinion.
Published only in Ohio Law Abstract

This action was originally brought in the Cuyahoga Common Pleas by Para Nowakowski against Julia Yurick. Nowakowski alleged that she had sustained injuries while a tenant in an apartment owned by Yurick. It seems that there was in the rear of the apartment a frame dwelling also owned by Yurick, and as a means of ingress and egress a small porch leading from the frame dwelling to the main porch of the apartment, was used by tenants of the dwelling. It is claimed by Nowakowski, while shaking out a rug and standing on said small porch or passageway, the railing on balustrade gave way and she was precipitated to the ground below, said injury occuring because of negligence of Yurick in the maintenance of said small porch.

Yurick in turn argued that Nowakowski had no right to be on the small porch leading to the frame dwelling for the reason that she, as a tenant of the apartment, had access to the main porch, and her entrance upon the small porch was pure trespass. The trial court rendered a judgment on a verdict returned by the jury for $10,000 in favor of Nowakowski. Error was prosecuted and the court of Appeals held:

1. Due to the fact that the frame dwelling was unoccupied control of the premises and of the passageway could not have been demised so that control was still reserved in Yurick. This being so, she was liable for ordinary care in the maintenance of passageway.

2. Any tenant of the apartment had right to use small porch in order to get to dwelling.

3. This case is distinguished from Kelly v. Davis, as in that case Kelley demised the premises to the tenant, while in the case at bar, control was necessarily reserved.

Verdict remitted to $6,000 by consent of Nowakowski and judgment affirmed.

Attorneys—F. J. Horvath for Yurick; F. F. Fruhlar and C. W. Toland for Nowakowski; all of Cleveland.

No. 231
JONES, Admr. v. CUY. CO. Comrs.
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 4595. Decided Nov. 10, 1924.

923. PLEADINGS—Not necessary to allege and prove specific intention on part of mob to assault or kill.

791. MOTIONS AND ORDERS—Nunc pro tunc correcting and superseding former entry allowed as exercise of court's sound discretion and sense of justice.

LEVINE, J.

Epitomized Opinion.
Published only in Ohio Law Abstract

Ernest McKinney was an employee of the Garbage Dept. of Cleveland, and came to his death as a result of being attacked by a mob of striking employees of the garbage department. Jones, the administrator, alleged in Cuyahoga Common Pleas that the strike had begun July 4, 1922, and from that date until July 20, 1922, persistent, continuous and concerted attacks had been made upon employees of that department, by striking employees. It was claimed by Jones that McKinney, while working on a truck, was struck with a stone by one of the mob, said mob intending to lynch McKinney. Jones further alleged that said mob attacks had continued without any action being taken by the Cuyahoga county board of commissioners. Judgment was rendered against Jones.

On prosecution of error, Jones claimed that the lower court in sustaining an objection to the introduction of any evidence, held in effect, that the petition did not state a cause of action. The Commissioners questioned the power of the trial court to make a nunc pro tunc entry on Nov. 8, 1923, as to supersede and correct the one made on Dec. 7, 1922. The court of Appeals held:

1. The lower court is presumed to have acted in exercise of sound discretion and in pursuance of justice in making the correction of the entry.

2. The trial court in holding that Jones must prove a specific intention on part of the mob to lynch a specific person would be to nullify the Lynch Law in all cases except those of criminals taken from legal custody.

Judgment of the Common Pleas is reversed and case remanded.

Attorneys—Matthews, Bell & Winsper, for Jones; George C. Hansen, for Commissioners; all of Cleveland.